## MORMINO v. SMITH et al. (No. 6656.)*

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1923. Second Motion for Rehearing Denied April 12, 1923.)

Appeal and error ⊕⇒327(7)—Original purchaser, executing vendor's lien notes, necessary party in suit by his grantee to foreclose vendor's lien against purchase from him.

Where a purchaser of land sold it to plaintiff, who assumed the vendor's lien notes and thereafter conveyed to defendant, who assumed the payment of the original vendor's lien notes and gave his own notes for the balance, in an action by plaintiff to recover on defendant's notes and to foreclose his vendor's lien, the original purchaser was a necessary party defendant in plaintiff's writ of error.

Error from District Court, McLennan County; H. M. Richey, Judge.

Action by Sam Mormino against H. H. Smith and others. Judgment for defendants, and plaintiff brings error. Affirmed, without opinion, and motion for rehearing overruled.

Johnston & Hughes, of Waco, for plaintiff in error.

G. W. Barcus, of Waco, for defendants in error Hander and others.

Conway & Scharff, of Waco, for defendant in error Zander.

JENKINS, J. At a former day of the present term we dismissed the writ of error herein for want of jurisdiction, on the ground that C. L. Wiebusch should have been made a party defendant. We filed no written opinion at that time. Appellant asks us to make a statement of the facts as we find

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 30, 1923.

them, and in compliance therewith we find the following to be facts pertinent to the issue herein:

On December 22, 1911, S. B. Stockard and J. A. Smith conveyed the land involved in this suit to C. L. Wiebusch, receiving in payment therefor a series of vendor's lien notes, from 1 to 8, inclusive. Stockard and J. A. Smith transferred Nos. 1, 2, 3, 4, and 8 of these notes to Emil Zander, December 22, 1911. None of said notes have been paid, and Emil Zander is still the owner and holder of the same. On February 18, 1916, the land was sold to appellant, who assumed the payment of said Wiebusch notes. On April 24, 1916, appellant entered into an agreement with Emil Zander, whereby such of said notes as were then due were extended. On December 31, 1918, appellant entered into an agreement with Emil Zander for the extension of the remainder of said notes, and executed to said Zander his note for $3,100, and executed a deed of trust on said land to secure the last-mentioned note; it being provided therein that said deed of trust was additional security to the Wiebusch notes, and did not impair the lien to secure the payment of the same.

On December 10, 1919, appellant conveyed the land in controversy to H. H. Smith, who assumed the payment of the Wiebusch notes, and executed to appellant his vendor's lien notes for the remainder of the purchase money. On December 20, 1920, H. H. Smith executed a deed to A. E. Hander, who assumed the payment of the Smith notes. On October 20, 1921, Hander re-conveyed the land to Smith, who canceled the former's obligation to pay said notes. This deed was intended as a mortgage.

Appellant instituted this suit against H. H. Smith and A. E. Hander, to recover on the Smith notes, and to foreclose his vendor's lien. He made Emil Zander a party defendant, alleging that he was claiming some interest in the land. Emil Zander, by cross-action, set up the facts substantially as herein stated, and asked judgment against appellant, H. H. Smith, and C. L. Wiebusch and for foreclosure of his vendor's lien, and to establish same as superior to the lien held by appellant by virtue of the Smith notes. Judgment was rendered in favor of Emil Zander against H. H. Smith, C. L. Weibusch, and Sam Mormino for $6,601.20, and foreclosing his lien and establishing the same as superior to the Mormino lien. Judgment was rendered in favor of Mormino against H. H. Smith for $7,526.78, foreclosing his lien, subject to the lien of Emil Zander, and also that appellant take nothing against A. E. Hander.

Appellant sued out a writ of error against H. H. Smith, Emil Zander, and E. A. Hander, and executed bond payable to H. H. Smith, Emil Zander, and A. E. Hander. We con-

cluded, as a matter of law, that Wiebusch was a necessary party to this appeal, and that on account of the failure to make him party in the writ of error we were without jurisdiction.

Our attention is called by appellee to the fact that the writ of error was against E. A. Hander, whereas the party to this suit was A. E. Hander. Appellee contends that there was a defect in the parties to the writ of error for this reason. As we conclude that we are without jurisdiction on account of Wiebusch not being made a party in the writ of error, we deem it unnecessary to pass upon the point last above referred to.

The motion for rehearing is overruled.

Motion overruled.